# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0277V
UNPUBLISHED

| | |
|---|---|
| RENEE LACOURSE-BURMEISTER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: August 18, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA*, for Petitioner.

*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC*, for Respondent.

**DECISION ON DAMAGES**[1]

On March 12, 2020, Renee LaCourse-Burmeister filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that as a result of an influenza ("flu") vaccine received on September 25, 2018, she suffered a shoulder injury related to vaccine administration ("SIRVA") as defined on the Vaccine Injury Table (the "Table"). Petition

---

[1] Because this unpublished opinion contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the opinion will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(ECF No. 1) at Preamble. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On February 16, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On August 18, 2022, Respondent filed a proffer on award of compensation. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $45,824.68 (representing $45,000.00 for pain and suffering, and $824.68 for past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                **s/Brian H. Corcoran**
                                                Brian H. Corcoran
                                                Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| **RENEE LACOURSE-BURMEISTER**, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 20-277V **(ECF)** |
| v. ) | Chief Special Master Corcoran |
| ) | |
| **SECRETARY OF HEALTH AND** ) | |
| **HUMAN SERVICES**, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 12, 2020, petitioner filed a Petition for Compensation alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), following the receipt of a flu vaccine administered on September 25, 2018.  On June 28, 2021, respondent filed a Rule 4(c) Report stating that the medical records in this case do not establish that petitioner's condition began within 48 hours of vaccination, which is a Vaccine Table requirement for SIRVA.  ECF No. 30 at 5-7, 42 C.F.R. § 100.3 (c)(3)(10)(ii).  Respondent further explained that the record did not establish that petitioner's symptoms persisted for at least six months.  ECF No. 30 at 5-7; 42 U.S.C. § 300aa-11 (c)(1)(D)(1).  On October 12, 2021, petitioner moved for a Ruling on the Record arguing that her symptoms of SIRVA began within forty-eight hours of vaccination, and that she suffered the residual effects or complications of her injury for more than six months.  ECF No. 33 at 1.  On October 19, 2021, respondent filed a response to petitioner's motion arguing that the medical record evidence did not support either of petitioner's proposed findings.  ECF No. 35.

On February 12, 2022, the Chief Special Master issued a Ruling on Entitlement

concluding "that [p]etitioner suffered the residual effects of her alleged SIRVA for more than six months, [and] that she suffered the onset of symptoms within 48 hours." ECF no. 36 at 2. He explained that the parties only presented a dispute on those two elements of petitioner's claim, and that the record otherwise satisfies the remaining Table SIRVA and statutory criteria. *See* ECF No. 36 at 12-13 *citing* 42 C.F.R. § 100.3 (c)(3)(10)(i-iv). Thus, he concluded that petitioner was entitled to compensation under the Vaccine Act.[1]

**I.     Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following, and requests that the Chief Special Master's decision and the Court's judgment award:

a. a lump sum payment of **$45,000.00**, which represents compensation for pain and suffering, *see* 42 U.S.C. § 300aa-15(a)(4), and

b. a lump sum payment of **$824.68**, which represents compensation for past unreimbursed medical expenses, *see* 42 U.S.C. § 300aa-15(a)(1).

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[2] Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that petitioner be awarded a lump sum payment of **$45,824.68**, in the form of a check payable to petitioner. Petitioner agrees.

---

[1] Nothing stated in this filing should be construed as a concession on any issues previously raised by respondent, or as a waiver of respondent's right to seek review of the Court's February 16, 2022, Ruling on Entitlement.

[2] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

2

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ DEBRA A. FILTEAU BEGLEY
DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Phone: (202) 616-4181

Dated:  August 18, 2022